FILED
APR - 7 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>D-2   ISSAM   ABDUL-HAKIM BERJAOUI,<br><br>Defendant.<br>_____/ | CRIMINAL NO. 03-80104<br>HONORABLE: BERNARD A. FRIEDMAN<br><br>OFFENSE: 18 U.S.C. § 1956(h)/Money Laundering Conspiracy<br><br>STATUTORY INCARCERATION PERIOD:  Up to 20 years<br><br>STATUTORY FINE AMOUNT:  Up to $500,000 or twice the value of the amount involved in the transaction, whichever is greater ($876,000) |

RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant, defendant's attorney, and the United States Attorney for the Eastern District of Michigan ("U.S. Attorney") (collectively "the parties") agree as follows:

1

1. <u>Guilty Plea.</u>

    A. Defendant will plead guilty to count three of the indictment. Any other counts against defendant in this case will be dismissed. Defendant acknowledges that the court may consider these other counts and any other relevant conduct in determining the appropriate sentence.

    B. The elements of the offense(s) that the government would need to prove beyond a reasonable doubt at trial are: See Attachment A.

    C. The parties stipulate that the following facts are true: See Attachment B.

2. <u>Sentence Agreement.</u>

    A. <u>Sentencing Guidelines</u>. Defendant understands that, under the Sentencing Reform Act, the court will make factual and legal findings about defendant's conduct and criminal history. Defendant understands that these findings will be made based upon information provided by the parties and the United States Probation Officer who prepares the presentence investigation report, the stipulations contained within this agreement, and any other reliable evidence, including hearsay. The court will make these findings applying a preponderance of the evidence standard of proof.

Attached to this agreement are stipulated Sentencing Guidelines worksheets. These worksheets reflect the agreement of the parties as to the applicable Sentencing Guidelines calculations. Neither party will seek, recommend, or advocate the application of Sentencing Guidelines calculations different from this stipulation.

Defendant understands that the Sentencing Guidelines findings made by the court will be used to calculate a sentence range under the Sentencing Guidelines. Defendant understands that the court is not bound by the agreement of the parties as to the correct Sentencing Guideline range. Defendant further understands that in determining the sentence, the court is required to consider the applicable Sentencing Guideline range, but is not required to adhere to that range. Defendant understands that, under the Sentencing Reform Act, the court is required to consider all of the factors enumerated in 18 U.S.C. § 3553(a), in addition to the Sentencing Guideline range, in determining an appropriate sentence.

B.   <u>Imprisonment</u>.  Pursuant to Rule 11(c)(1)(C), the parties agree that a sentence of imprisonment within the range of 24 to 30 months, to be followed by a term of supervised release of between 2 to 3 years, is reasonable and an appropriate disposition of the case.  Therefore, the parties further agree that they will not seek, recommend or advocate for a sentence outside of that range. Defendant further agrees

that if his criminal history category is determined to be higher than that reflected in the attached worksheets, then a term of imprisonment within the Sentencing Guideline range corresponding to his stipulated adjusted offense level and the higher criminal history category, followed by the requisite term of supervised release, will be a reasonable and appropriate disposition of the case, and defendant will not seek, recommend or advocate for a sentence outside of that higher sentence range.

If the court rejects this agreement because it is unwilling to impose a sentence of imprisonment within the agreed upon Sentencing Guideline range, either party may withdraw from the agreement, and defendant may also withdraw his guilty plea(s).

B.  <u>Fine</u>. Pursuant to Rule 11(c)(1)(C), the U. S. Attorney agrees that a fine no higher than the top of applicable guideline range for fines is an appropriate disposition of the case.

C.  <u>Supervised release violations</u>. The court will impose a term of supervised release to follow imprisonment. If defendant violates a condition of release, the court will then be able to impose an additional prison sentence that could be as long as the original term of release. This agreement does not limit the sentence the court could impose in that situation.

D. <u>Special Assessment</u>. Defendant must pay a special assessment of $100 and must bring the receipt to court on the day of sentencing.

E. <u>Restitution</u>. Defendant agrees that the court shall order restitution, pursuant to any available provision of law, for any loss caused to: (1) the victims of any offense charged in this case (including dismissed counts), and (2) the victims of any criminal activity that was part of the same course of conduct or same scheme or plan as defendant's charged offenses. Defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), that the order of restitution will be in the amount of $438,000.00 minus any offsets such as previously paid restitution.

3. <u>Defendant's Criminal History</u>: Defendant stipulates that a lack of any criminal convictions represent his entire criminal history. Defendant agrees that if the foregoing does not accurately and completely reflect his entire criminal history, the U. S. Attorney may withdraw from the agreement.

4. <u>Defendant's Obligations</u>. Defendant agrees to assist the U. S. Attorney in the investigation and prosecution of others involved in criminal activities, as specified below.

A. <u>Truthful Information and Testimony.</u> Defendant will provide truthful and complete information concerning Ali Farhat, Mona Atat and others. Defendant will provide full debriefings as requested to the U.S. Attorney, and federal, state, and

5

local law enforcement agencies. Defendant will provide truthful testimony at all proceedings, criminal, civil, or administrative, as requested by the U.S. Attorney. Such testimony may include, but is not limited to, grand jury proceedings, trials, and pretrial and post-trial proceedings. Defendant agrees to be available for interviews in preparation of all testimony. Defendant further agrees to submit, upon request, to government-administered polygraph examinations to verify defendant's full and truthful cooperation. Defendant understands that this obligation to provide cooperation continues after sentencing and that failure to follow through constitutes a breach of this agreement.

B. <u>Nature of Cooperation.</u> Defendant agrees to cooperate in good faith, meaning that defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing. In other words, defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached this agreement because defendant was not specifically asked questions about those crimes, participants, or involvement. Defendant will notify the U.S. Attorney in advance if defendant intends to offer a statement or debriefing to other persons other than defendant's attorney. Defendant is not prevented in any way from providing truthful information helpful to the defense of any person. Any actions or

6

statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines the effectiveness of defendant's cooperation, constitutes a breach of this agreement.

    C.    <u>Identification and Forfeiture of Property</u> Defendant agrees to identify all property known to defendant, in which defendant or any other person has a legal or equitable interest, that is or was the proceeds of, or acquired with the proceeds of, a drug or money laundering crime, or that was used in any manner to facilitate a drug or money laundering crime. Defendant also agrees to identify the extent of any person's or entity's (including defendant's) interest in any such property. Defendant agrees to forfeit to the United States, without contest, all personal and real property received as a result of drug trafficking or money laundering. Further, defendant agrees to transfer to the United States all other personal or real property, in which defendant has any equitable interest, obtained in whole or in part through the use of narcotics-related or money-laundering proceeds. Transfer of title, ownership, and interest will be completed prior to sentencing. If any other person or entity has any interest in such property, defendant will assist in obtaining a release of interest from

any such other person or entity. Defendant will not transfer any interest in, or create any additional encumbrance on, any property listed for forfeiture.

5.   <u>U.S. Attorney's Authority Regarding Substantial Assistance</u>

  A.   <u>Substantial Assistance Determination.</u>   It is exclusively within the U. S. Attorney's discretion to determine whether defendant has provided substantial assistance in the investigation or prosecution of others. Upon the U. S. Attorney's determination that defendant's cooperation amounts to substantial assistance the U. S. Attorney will either recommend to the court a sentencing range lower than that specified in paragraph 2, or will move for a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate. In either case, the sentence will be determined by the Court.

  B.   <u>Adjusted Sentence Recommendation.</u> The parties agree that if the U. S. Attorney determines that defendant has provided substantial assistance in the investigation and prosecution of others, the U. S. Attorney will recommend that defendant be sentenced within a range to be determined by the U.S. Attorney. If the determination is made after sentencing, the U. S. Attorney will move pursuant to Rule 35, Fed. R. Crim. P., and will recommend the same sentence range as stated above.

The court's failure to follow such a recommendation, if made, is not a valid basis for defendant to withdraw the guilty plea or to rescind the plea agreement.

C. *Use of Information Against Defendant.* In exchange for defendant's agreement to cooperate with the U. S. Attorney, as outlined above, the U. S. Attorney agrees not to use new information that defendant provides (pursuant to this agreement) about defendant's own criminal conduct against defendant at sentencing in this case. Such information may be revealed to the court but may not be used against defendant in determining defendant's sentence. There shall be no such restrictions on the use of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this agreement.

6. *Subsequent challenges to conviction or breach of agreement.*

A. If at any time defendant tries to withdraw the guilty plea to any count; attacks the validity of the conviction on any count; or fails to comply with the terms of the agreement, the U. S. Attorney is released from its promises under this agreement and, in particular, may prosecute defendant on any charge that it agreed

to dismiss or not to bring. In addition, if defendant's conviction on any count is vacated, the U. S. Attorney may request resentencing on any remaining count.

  B. Defendant waives a double jeopardy defense as to any charges the U. S. Attorney brings or pursues under the previous paragraph. Defendant waives any speedy trial or statute of limitations defense for the period of time between the date defendant signed this agreement and (a) the date an order permitting withdrawal of the plea, vacating the plea, or reversing the conviction on any count becomes final, or (b) the date the U.S. Attorney notifies defendant in writing of defendant's failure to comply with the agreement; whichever is later.

7. <u>Defendant's waiver of appeal rights</u>. If the court imposes a sentence equal to or less than the sentence described in ¶ 2 of this agreement, defendant waives all appeal rights, including all rights under 28 U.S.C. §1291 to appeal the conviction, and all rights under 18 U.S.C. § 3742 to appeal the sentence imposed. Whatever sentence is imposed, defendant waives all appeal rights to challenge the constitutionality of the sentencing guidelines.

8. <u>Defendant's waiver of right to indictment on sentencing factors</u>. Defendant agrees that any fact that is relevant to the determination of his/her offense level or to his/her criminal history category under the sentencing guidelines need not be alleged

in the document containing the charge(s) to which he/she is pleading guilty. To the extent defendant has the right to be formally charged with any such fact in an indictment returned by a grand jury, defendant waives that right.

9. <u>Defendant's waiver of right to jury trial on sentencing factors</u>. Defendant agrees that any fact that is relevant to the determination of his/her offense level or to his/her criminal history category under the sentencing guidelines will be determined either (1) by agreement between the parties or (2) by the Court by a preponderance of the evidence based on any information or evidence the Court finds reliable, including hearsay. To the extent defendant has the right to have a jury determine the existence of any such fact by proof beyond a reasonable doubt under the Federal Rules of Evidence, defendant waives that right.

10. <u>Defendant's waiver of jury trial and appeal rights</u>. By entering into this plea agreement and pleading guilty, defendant waives any and all rights he may have under the Sixth Amendment to have the pertinent facts of his case determined by a jury. If the court imposes a sentence within the range described in ¶ 2 of this agreement, defendant further waives any right he may have to appeal his conviction or sentence.

11. <u>No other terms</u>. This document is the entire agreement between defendant and the U.S. Attorney with respect to the charges noted above in this criminal case. It does not prevent any civil or administrative actions against defendant or any property by the U. S. Attorney or any other party. There are no other parties to this agreement.

12. <u>Acceptance of agreement</u>. The U.S. Attorney reserves the right to modify or revoke the offer prior to defendant's plea of guilty.

STEPHEN J. MURPHY
United States Attorney

Dated: _____ for

ROBERT CARES
Assistant U. S. Attorney

Dated: 4/7/05 _____

ERIC M. STRAUS
Assistant U. S. Attorney

By signing this document, the defendant acknowledges that he has read (or been read) this entire document, understands it and agrees to its terms; and also acknowledges that he is satisfied with his attorneys' advice and representation.

Dated: 4/7/05 _____

ISSAM ABDUL-HAKIM BERJAOUI
Defendant

Dated: 4/7/05 _____

NEIL H. FINK
Attorney for Defendant

Dated: 4/7/05 _____

KIMBERLY STOUT
Attorney for Defendant

# WORKSHEET A   (Offense Levels)

Defendant: __Issam Abdul-Hakim Berjaoui__       Count(s): __Three__

Docket No.: __03-80104__                         Statute(s): __18 U.S.C. §1956(h)__

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2S1.1(a)(1) | Base Offense Level- Underlying Offense Level | |
| §2B1.1(b)(1)(H) | Base Offense Level- Bank Fraud | 6 |
| §2B1.1(b)(1)(H) | >$400,000.00 | 14 |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.       **20**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*       [X]

*If the defendant has no criminal history, check this box and skip Worksheet C.*       [X]

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**  **20**

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**  **3**

3. **TOTAL OFFENSE LEVEL**  **17**

   Enter the difference between Items 1 and 2.

4. **CRIMINAL HISTORY CATEGORY**  **I**

   Enter "1" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

5. **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**  **24-30 months**

   Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**  **months**

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION** (U.S.S.G. ch. 5, pt. B)

   a. <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

   [X] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

   b. <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

   [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

   [ ] 2. No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

   The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE** (U.S.S.G. § 5C1.1(c)(2), (d)(2))

   [X] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

   [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT** (U.S.S.G. ch. 5, pt. C)

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

(WORKSHEET E, p. 2)

## SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

      ☐ 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

      ☒ 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

      ☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

      ☐ 4. The statute of conviction requires a minimum term of supervised release of _____ months.

    c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

  ☐ 1. The court will determine whether restitution should be ordered and in what amount.

  ☐ 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.,* 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

  ☒ 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $ **438,000.00** . (*See* 18 U.S.C. §§ 3663(a)(3).)

  ☐ 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

  ☐ 5. Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

## 6. FINE (U.S.S.G. § 5E1.2)

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table</u> (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $_____ | $_____ |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   $ 25.00 for every count charging a Class A misdemeanor,
   $ 10.00 for every count charging a Class B misdemeanor, and
   $  5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of $ __100__.

## 8. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

## 9. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

(rev. 06/99)

## Count Three

## MONEY LAUNDERING CONSPIRACY
## (18 U.S.C. Section 1956(h)

One: The conspiracy, agreement, or understanding to commit money laundering, as described in the Indictment, was formed, reached, or entered into by two or more persons;

Two: At some time during the existence or life of the conspiracy, agreement, or understanding, defendant knew the purpose of the agreement, and then deliberately joined the conspiracy, agreement, or understanding.

Attachment A.

## FACTUAL BASIS

### Count Three - Money Laundering Conspiracy

From May 1, 1998 until her termination on April 20, 1999, Co-defendant MONA ATAT held the position of head vault teller at the Huntington National Bank branch located at 10221 W. Warren, Dearborn, Michigan. Huntington Bank is a member bank of the Federal Reserve System. In this position, ATAT had sole responsibility for keeping track of the cash coming into and leaving the branch.

Between May 1998 and April 20, 1999, MONA ATAT, along with ISSAM BERJAOUI, having devised a scheme to defraud Huntington Bank, utilized or caused to be utilized at least four Huntington National Bank accounts of apparent family and friends to embezzle $438,271.92 from the bank. Then, utilizing the funds in the accounts which were derived from the embezzlement, MONA ATAT engaged in a process called "layering", that is; the conducting of numerous financial transactions between the various accounts with little or no apparent justification or legitimate purpose.

More specifically, to further accomplish the embezzlement and launder the proceeds therefrom, MONA ATAT would create or cause to be created false cash deposit tickets that indicated large sums of cash were being deposited to the accounts utilized. After creating these "paper only" deposits to these accounts, and for the purpose of disguising the nature, source, ownership and control of the embezzlement proceeds, ATAT, with the agreement of ISSAM BERJAOUI, would:

    a. Purchase or cause to be purchased cashiers checks payable to ISSAM BERJAOUI or to individuals with whom ISSAM BERJAOUI was associated with;

    b. Deposit some the these cashier's checks into the personal bank account of ISSAM BERJAOUI at First Federal of Michigan;

    c. Deposit some of the these cashier's checks into the revolving credit account of ISSAM BERJAOUI at Household Finance Corp; and

    d. Cause funds to be wire transferred to ISSAM BERJAOUI and persons who were acting on ISSAM BERJAOUI's behalf in overseas accounts in the Middle East.

After this embezzlement was discovered, ISSAM BERJAOUI, through MONA ATAT"S family and attorney made a partial restitution to Huntington National Bank.

Attachment B.